STATE v. HUNTLEY

[105 N.C. App. 709 (1992)]

―――――――――

STATE OF NORTH CAROLINA v. LOREN DAVID HUNTLEY, A/K/A DAVID LEE HUNTER

No. 9126SC331

(Filed 17 March 1992)

1. **Appeal and Error § 80 (NCI4th)— driving while impaired— district court dismissal—appeal by State to superior court**

   The superior court had jurisdiction under N.C.G.S. § 15A-1432 to hear the State's appeal from a district court order dismissing the charges against defendant. That order, regardless of whether a valid judgment previously had been entered, was a decision by the district court judge to dismiss the criminal charge and the State could properly appeal to superior court.

   **Am Jur 2d, Appeal and Error § 268.**

2. **Appeal and Error § 80 (NCI4th)— driving while impaired— remanded from superior to district court—conclusion that defendant did not comply with remand order—no error**

   A superior court judge did not err by concluding that defendant did not comply with an order of remand where defendant appealed a driving while impaired conviction to superior court; after perfecting his appeal, defendant filed a motion that the case be remanded to district court for compliance with the judgment with the provision that it not be

STATE v. HUNTLEY

[105 N.C. App. 709 (1992)]

appealed again to superior court; the motion was granted; defendant filed a motion for appropriate relief in district court; that motion was granted; and the State appealed to superior court. Defendant's motion was in direct conflict with both his prior motion and the order of remand, and the district court had jurisdiction pursuant to the remand order only for the limited purpose of permitting compliance with the district court judgment.

**Am Jur 2d, Appeal and Error § 962.**

APPEAL by defendant from Order filed 1 February 1991 by *Judge Robert M. Burroughs* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 14 January 1992.

On 1 January 1990 defendant was arrested for driving while impaired. On 22 May 1990 the defendant moved to dismiss the charges based on *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988). District Court Judge Boner denied the motion, and the defendant pleaded guilty to driving while impaired. The defendant was sentenced as a level five offender and received a thirty day jail term which was suspended on the conditions that he pay a $100 fine, obtain a substance abuse assessment, surrender his driver's license and perform 24 hours of community service. Defendant appealed to the superior court.

On 7 November 1990 defendant by written motion in superior court moved to remand the case to the district court "for compliance with the judgment previously entered therein with the provision that this case will not be appealed again to the Superior Court." The motion was granted by Superior Court Judge Burroughs in an order which conditioned the remand as follows: "The above case . . . is hereby ordered remanded to District Court for compliance with the judgment therein with the provision that this matter will not be appealed again to the Superior Court." The. same day, defendant filed a motion for appropriate relief in district court seeking to have the previous judgment vacated and the charges dismissed based on *Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988). District Court Judge Boner granted defendant's motion, vacated the judgment and dismissed the charges. The State filed notice of appeal to the superior court.

After hearing arguments, Judge Burroughs entered an order setting aside the dismissal by the district court, reinstating the

22 May 1990 district court judgment and ordering the defendant to comply with the judgment by 5 February 1991.

Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Goodman, Carr, Nixon & Laughrun, by George V. Laughrun, II, for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first argues that the superior court lacked jurisdiction to hear the State's appeal from the district court's order dismissing the charges against the defendant because the State did not have a valid judgment from which to appeal. This argument is without merit.

G.S. 15A-1432 provides in pertinent part:

(a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:

(1) When there has been a *decision or judgment* dismissing criminal charges as to one or more counts.

G.S. 15A-1432(a)(1) (emphasis added). Here, the district court entered an order vacating the judgment and dismissing the charges against the defendant. This order, regardless of whether a valid judgment previously had been entered, was a decision by the district court judge to dismiss the criminal charge pending against the defendant. Accordingly, the State could properly appeal that decision to the superior court under G.S. 15A-1432(a)(1). This assignment is overruled.

[2] Defendant next argues that nine of the superior court's thirteen conclusions of law were erroneous. Defendant first argues that Judge Burroughs erred when he concluded that "[t]he Defendant did not comply with the Order to Remand." This contention is without merit.

On 7 November 1990, after perfecting his appeal to the superior court, the defendant filed the following written motion.

The undersigned hereby makes motion to the Court that Case #90 31 [sic] by [sic] remanded to District Court *for com-*

*pliance with the judgment previously entered therein* with the provision that this case will not be appealed again to the Superior Court.

(Emphasis added.) The same day Judge Burroughs granted defendant's motion and entered the following order:

The above case #90-00031 is hereby ordered remanded to District Court *for compliance with the judgment therein* with the provision that this matter will not be appealed again to the Superior Court.

(Emphasis added.) The defendant's motion was conditioned upon his compliance with the district court judgment. Judge Burroughs' order allowing defendant's motion was also conditioned upon defendant's compliance with the district court judgment. However, after defendant's case was remanded to the district court for compliance, defendant made a motion for appropriate relief seeking to have the prior judgment vacated and the charge against him dismissed. By making this motion, defendant was in direct conflict with both defendant's prior motion and Judge Burroughs' order. By seeking withdrawal of his appeal and remand to the district court for the purpose of complying with the prior judgment, the defendant lost his opportunity to have his argument addressed on the merits in superior court because by withdrawing his appeal, the superior court lost jurisdiction. The district court had jurisdiction pursuant to the superior court remand order only for the limited purpose of permitting compliance with the district court judgment. This argument is overruled.

Because defendant's motion and Judge Burroughs' order limited the purpose and scope of remand to compliance with the judgment previously entered in district court, any error Judge Burroughs may have committed in his remaining conclusions in his 1 February 1991 order was harmless error. Accordingly, we do not address defendant's remaining arguments under this assignment. Having found no prejudicial error, we affirm.

Affirmed.

Judges COZORT and ORR concur.